IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GREGORY GOODWIN,  )
  )
  )
**Plaintiff,**  )
  )
v.  )   Civil No. 05-161ERIE
  )
ACCURIDE ERIE, L.P.,  )
  )
**Defendant.**  )

## CASE MANAGEMENT ORDER

AND NOW, to-wit, this 5th day of December, 2005,

IT IS ORDERED that the above-captioned civil action shall proceed under Local Rule 16.1 of this Court, for pretrial proceedings. All provisions of the Rule will be strictly enforced.

IT IS FURTHER ORDERED that counsel shall confer with their clients prior to all case management, status or pretrial conferences in order to obtain authority for the purpose of participating in settlement negotiations to be conducted by the court. Counsel are encouraged to appear with their principals at all such conferences, or instruct the principals to be available by telephone to facilitate the amicable resolution of all litigation.

1. After consultation with the parties we find that this action is a Track I case.

2. The parties have not elected to have the case referred for voluntary arbitration.

3. Rule 26(a)(1) disclosure statements shall be exchanged no later than December 5, 2005.

4. The Plaintiff may move to add new parties on or before N/A. The Defendant may move to add new parties on or before N/A. The Parties may move to amend the pleadings on or

AO72A
(Rev.8/82)

before __N/A__ .

5.  The parties shall complete discovery on or before __April 30, 2006__. All interrogatories, depositions, requests for admissions and requests for production shall be served within sufficient time to allow responses to be completed prior to the close of discovery.

6.  Plaintiff shall serve expert disclosures on or before __April 1, 2006__. Defendants shall serve their expert disclosures on or before __May 1, 2006__. Expert depositions shall be completed by __June 15, 2006__.

7.  The parties shall file motions for judgment on the pleadings, for summary judgment, or to dismiss, if appropriate, on or before __July 1, 2006__. All such motions shall be accompanied by a brief. Responses to such motions shall be accompanied by briefs and filed on or before __August 1, 2006__. Any reply briefs shall be due (15) days thereafter. All motions for summary judgment and responses shall include a Concise Statement of Material Facts as provided in L.R. 56.1. On or before __July 1, 2006__, the movant shall file a joint concise statement of material facts which combines the movant's concise statement of material facts with the responsive concise statement, i.e., the movant shall combine its separately numbered paragraph (1) with the response to that same numbered paragraph in the revised separately numbered paragraph (1). The joint concise statement shall be prepared so that the response to each separately numbered paragraph is readily identifiable as a response and not part of the movant's submission. The opposing party shall cooperate with the movant in preparing the joint concise statement of material facts.

8.  If the parties do not file motions for judgment on the pleadings, for summary judgment, or to dismiss, plaintiff's pretrial narrative statement shall comply with Local Rule 16.1.4A and be filed on or before __July 15, 2006__. Counsel shall specify the material facts including damages to be proved at trial. Proof of material facts not specified may be excluded at trial upon objection or by the Court *sua sponte*.

9.  If such dispositive motions are filed, and they are denied, plaintiff's pretrial narrative statement shall comply with Local Rule 16.1.4A and be filed within forty-five days after the

Court's decision. Counsel shall specify the material facts including damages to be proved at trial. Proof of material facts not specified may be excluded at trial upon objection or by the Court *sua sponte*.

10. Defendant's pretrial narrative statement shall comply with Local Rule 16.1.4B and be filed within twenty-one days of the filing of plaintiff's pretrial statement. Counsel shall specify the material facts to be proved at trial. Proof of material facts not specified may be excluded at trial upon objection or by the Court *sua sponte*.

11. Within twenty-one days of the filing of defendant's pretrial statement, counsel for any third-party defendant shall file a brief narrative statement meeting the requirements of Local Rule 16.1.4C.

12. If requested by the parties, the Court will schedule a status conference at the convenience of the Court and the parties.

13. If the case is not to be decided on dispositive motions, the case shall be called for trial in January 2007. Counsel are instructed to review the provisions of Local Rule 16.1.

14. The Court shall schedule a pretrial conference at a later date.

15. Subsequent to the pretrial conference, counsel for all parties may be ordered by the Court to meet at a mutually convenient place to complete a pretrial stipulation to further delineate the legal and factual issues involved.

16. It is estimated that trial will take 3 days.

17. Any exhibit which has not been identified by counsel in a pretrial narrative statement, except an exhibit to be used solely for impeachment purposes, shall not be admitted as evidence.

18. Any depositions or any portion thereof to be read into evidence shall be identified at the pretrial conference. Objections to the admissibility of any portion thereof shall be identified and submitted to the Court at the pretrial conference. This order does not include video taped qualifications of experts.

19.     The anticipated absence of any witness shall not be sufficient cause to delay the trial. Video tape deposition service is available through the Clerk of Court.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge