IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY GOODWIN, | ) |
| | ) |
| Plaintiff, | )   Civil Action No. 05-CV-161 (Erie) |
| | ) |
| v. | )   Judge Maurice B. Cohill, Jr. |
| | ) |
| ACCURIDE ERIE, L.P., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S FIRST SET OF
INTERROGATORIES DIRECTED TO PLAINTIFF**

NOW COMES Defendant Accuride Erie, L.P., by and through its undersigned counsel, pursuant to Rule 33 of the Federal Rules of Civil Procedure, and serves these interrogatories upon Plaintiff Gregory Goodwin. These interrogatories are to be answered fully and completely, in writing and under oath, within 30 days from the date of service hereof.

INSTRUCTIONS

These interrogatories are continuing in nature. Plaintiff is obligated to provide supplemental answers to each of these interrogatories in the event that additional information is hereafter obtained or discovered by Plaintiff, his attorney, or any other person or entity for Plaintiff or on Plaintiff's behalf.

Whenever the answer to an interrogatory requires the identification of any person, Plaintiff shall provide the following information with respect to each person: full legal name, complete home address and complete business address, and nature of relationship to Plaintiff (e.g., friend, supervisor, peer, coworker, subordinate).

Whenever the answer to an interrogatory requires the identification of a corporation, business or other entity, Plaintiff shall provide the following information with respect to each: full legal name and complete address.

Whenever the answer to an interrogatory requires the identification of a document, the answer shall describe such document with sufficient particularity so that Defendant, by reasonable and appropriate means, can examine the document.

In lieu of identifying particular documents, said documents (or photocopies thereof) can be attached, at Plaintiff's option, provided that each document is appropriately marked to specify the interrogatory or portion thereof to which it is responsive.

EXHIBIT A

Whenever the answer to an interrogatory requires the identification and description of any acts, Plaintiff shall: (1) describe the substance of the event or events constituting such act and state the date when such act occurred; (2) identify each and every person participating in such act; and (3) identify each and every person witnessing such act.

Answer every interrogatory. No question is to be left blank. If the answer to an interrogatory is "none" or "unknown," such statement must be written in the answer. If the question is inapplicable, "N/A" must be written in the answer.

Whenever a date, amount, or other computation or figure is requested, the full and exact date, amount, computation or figure is to be given unless it is unknown. If so, give the best estimate or approximation thereof and note that such answer is an estimate or approximation.

If Plaintiff is asserting any privilege in lieu of answering any interrogatory, identify the reason for asserting the privilege, the general substance of the answer Plaintiff considers to be privileged, the person(s) involved, and the date(s) involved.

## DEFINITIONS

The following interrogatories are to be answered with reference to the definitions set forth below:

A. "Defendant" means Accuride Erie, L.P.

B. "Plaintiff" means Gregory Goodwin. When used anywhere in this set of interrogatories, unless otherwise specified, the word "Plaintiff" is intended to and shall embrace and include Plaintiff's attorneys and all agents, servants, employees, consultants, independent contractors, representatives, and any other individual or entity associated with the Plaintiff who may have obtained information for or on behalf of Plaintiff.

C. "Person" shall mean any individual, partnership, joint venture, firm, association, corporation, or business or any governmental or legal entity.

D. "Documents" shall mean all written, typed, electronic, printed, recorded or graphic matter of every type and description, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, now or formerly in the possession, custody, or control of Plaintiff, his officers, agents, employees and attorneys, or any of them, including but not limited to letters, correspondence, telegrams, memoranda, records, minutes of all types of meetings, contracts, subcontracts, agreements, intra- and inter-office communications, purchase orders, requisitions, plans, studies, summaries, results of investigations, reviews bulletins, proposals, estimates, appraisals, recommendations, critiques, trip reports, engineering calculations, bills of materials, drawings, sketches, blueprints, charts, indices, notices, diaries, books, desk calendars, appointment books, messages, instructions, work assignments, notes, notebooks, drafts, data sheets, specifications, statistical records, tapes, tape recordings, partial or

complete reports of telephone conversations, photographs, slides, public statements, newspaper or other media releases, public and governmental filings, opinions, and any other writings, drawings, or records. If any document was but is no longer in Plaintiff's possession or subject to Plaintiff's control, identify the document.

  E. "Any" shall also mean "all" and vice versa.

  F. "Relate to" (or a form thereof) shall mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, or relevant to. As indicated, the term necessarily includes information which is in opposition to, as well as in support of, the position(s) and claim(s) of Plaintiff in this action.

  G. "Reflect" (or a form thereof) shall mean embody, contain, record, note, refer to, describe, be relevant to, state or mention.

  H. "Support" (or a form thereof) shall mean advocate, affirm, aid, allow, bulwark, confirm, contribute, corroborate, demonstrate, embrace, enable, establish, facilitate, foster, justify, permit maintain, prove promote, reinforce, sustain, verify or vouch.

  I. The period of time covered by these interrogatories (unless otherwise specified) is from July 23, 2004 through the time of trial.

## INTERROGATORIES

1. Identify all persons having discoverable information or whom Plaintiff believes have such information concerning or relating to the subject matter of this action.

ANSWER:

3

2. Identify by name and address each person(s) or corporation(s) to whom Plaintiff has applied for employment since July 23, 2004 to the present date, the date of each application and the action taken on your application, if any.

ANSWER:

3. By whom has Plaintiff been employed since July 23, 2004, and when did Plaintiff commence each employment?

ANSWER:

4. If, since July 23, 2004, Plaintiff has been offered any position or employment, state the name and address of each employer making such offer.

ANSWER:

5. Identify any and all health, life, or other insurance policies purchased by Plaintiff since July 23, 2004, and state the cost of such policies.

ANSWER:

5

6.    If, since July 23, 2004, if Plaintiff collected any unemployment compensation benefits, state the name and address of the employer against whom the claim was filed and the date(s) Plaintiff received such benefits.

ANSWER:

7.    If Plaintiff has ever pleaded guilty to, or has been convicted of a crime, state with particularity the details of such guilty plea or conviction and the count and docket number in which such action occurred.

ANSWER:

8. If Plaintiff has retained or plans to retain any experts for use in this matter, state the name and credentials of each expert and the subject of his expertise.

ANSWER:

9. If Plaintiff has ever commenced a lawsuit, filed a charge of discrimination, or filed an unfair labor practice charge against any employer, person or entity identify by:

    a. the court or agency with which the lawsuit, claim or charge was filed and identify the caption and docket or charge number;

    b. the nature of the complaint, claim or charge; and

    c. the disposition of the lawsuit, claim or charge.

ANSWER:

10. Identify the facts supporting the allegations of sex discrimination set forth in the Complaint

ANSWER:

11. Identify the facts supporting the allegations of race discrimination set forth in the Complaint.

ANSWER:

12. Identify with particularity, each and every element of damages claimed by Plaintiff and the amount of each element of damages.

ANSWER:

13. List the names and addresses of all witnesses whom Plaintiff anticipates calling at the trial of this case and the nature of their testimony in sufficient detail to apprise the Defendant of the factual contentions with which it will be faced at trial.

ANSWER:

14. If the Plaintiff has suffered any disability illness, injury or sickness since July 23, 2004, state:

    (a) The date on which each disability, illness, injury or sickness commenced;

    (b) The date on which each disability, illness, injury or sickness ended;

    (c) The name and address of each doctor, hospital, clinic or social worker who treated him for each disability, illness, injury or sickness;

ANSWER:




15. If anyone on behalf of Defendant ever counsel or warn Plaintiff regarding any aspect of his performance?

    (a) describe in detail each aspect of Plaintiff's performance about which anyone counseled or warned him, and ;

    (b) Identify each person who counseled or warned her;

16. If Plaintiff has applied for any pension, annuity, social security or disability benefits since July 23, 2004, state the name and address of each entity to which he applied, the date of his application, and the date he received his first check.

ANSWER:

17. Identify each individual employed by Defendant who you contend was treated more favorably than you because of that person's sex.

ANSWER:

18. Identify each individual employed by Defendant who you contend was treated more favorably than you because of that person's race.

ANSWER:

19. Did the Plaintiff ever discuss his termination with any agent or employee of the Defendant? If so, identify each agent or employee of the Defendant and relate in detail each discussion.

ANSWER:

Respectfully submitted,

JACKSON LEWIS LLP

Martin J. Saunders
PA ID #19940
Mark Goldner
PA ID #75938
One PPG Place, 28th Floor
Pittsburgh, PA 15222
Phone (412) 232-0404
Fax (412) 232-3441

ATTORNEYS FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY GOODWIN, | ) |
| Plaintiff, | ) Civil Action No. 05-CV-161 (Erie) |
| v. | ) Judge Maurice B. Cohill, Jr. |
| ACCURIDE ERIE, L.P., | ) |
| Defendant. | ) |

CERTIFICATE OF SERVICE

I hereby certify that I served DEFENDANT'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF upon the plaintiff's counsel this 11th day of November, 2005, via first class United States mail, postage prepaid, addressed as follows:

Joseph H. Chivers, Esquire
312 Boulevard of the Allies, Suite 600
Pittsburgh, PA 15222

_____