IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY GOODWIN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-CV-161 (Erie) |
| | ) | |
| v. | ) | Judge Maurice B. Cohill, Jr. |
| | ) | |
| ACCURIDE ERIE, L.P., | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S FIRST REQUESTS
### FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF

NOW COMES Defendant Accuride Erie, L.P., by and through its undersigned attorneys, pursuant to Rule 34 of the Federal Rules of Civil Procedure, and requests that Plaintiff Gregory Goodwin produce the items described hereafter for inspection and copying at the law offices of Defendant's attorney within 30 days from the date of service hereof.

### DEFINITIONS AND INSTRUCTIONS

The word "document" as used herein means the original or any copy of a writing or other form of record, including electronic, preserving information which is or may be in or subject to Plaintiff's (or his counsel or other agent) possession, custody or control. The word "document" also refers to any writing or other form of record of which Plaintiff has knowledge, whether or not claimed to be privileged against discovery on any ground. "Document" includes, but is not limited to, statements, records, notes, reports, memoranda, correspondence, telegrams, communications, letters, bills, invoices, estimates, schedules, photographs, plans, sketches, drawing, charts, films, microfilm, computer data and any and all other methods of preserving information. If asserting that a document is "privileged," Plaintiff is instructed to provide the following identification information with regard to each such document: the date, the author, to whom the document was addressed, the privilege asserted, and a general statement as to the nature of the document.

All documents produced shall be segregated and identified by the paragraph to which they are primarily responsive. In the event that more than one copy of any document exists, the original shall be produced as well as every copy on which appear any notations or markings of any sort not appearing on the original.

This request is continuing in nature. Plaintiff is obligated to provide supplemental responses to each of these requests for production in the event that additional documentation



pertaining to these requests is hereafter obtained or discovered by Plaintiff, his attorney or any other person or entity for Plaintiff or on Plaintiff's behalf.

REQUESTS FOR PRODUCTION

1.  Copies of all income tax returns submitted to the United States, any state and/or local government, together with all W-2's, schedules and attachments prepared or filed by Plaintiff (or on his behalf) beginning with calendar year 2004 and continuing for each and all successive years until the time of trial.

RESPONSE:

2.  Copies of any journals, notes, logs, diaries or any other writings, created in any medium, that Plaintiff made which relate in any fashion or manner to any aspect of Plaintiff's employment by Defendant and any claim for which Plaintiff seeks relief in this action.

RESPONSE:

3.  Copies of all documents and correspondence pertaining to Plaintiff's discrimination charge which Plaintiff or any agent sent or provided to the Equal Employment Opportunity Commission and/or the Pennsylvania Human Relations Commission.

RESPONSE:

4.  Copies of all documents and correspondence pertaining to Plaintiff's discrimination charge which the Equal Employment Opportunity Commission and/or the Pennsylvania Human Relations Commission sent or provided to Plaintiff or her agent.

RESPONSE:

5.  Copies of all documents and correspondence pertaining to Plaintiff's claim for unemployment compensation benefits sent to or received from the Pennsylvania Bureau of Unemployment Compensation.

RESPONSE:

      6.    Copies of all documents and correspondence pertaining to Plaintiff's allegation of discrimination <u>which Plaintiff</u> or any agent <u>sent</u> or provided <u>to</u> Defendant or any agent or employee of Defendant.

RESPONSE:


      7.    Copies of all documents pertaining to the allegations contained in the Complaint or which support or contradict any of Plaintiff's answers to Defendant's First Set of Interrogatories.

RESPONSE:


      8.    Copies of all written statements or affidavits in any form, from or made by Plaintiff.

RESPONSE:


      9.    Copies of all written statements or affidavits in any form, from or made by any other individual that relates in any way to this action.

RESPONSE:


      10.    Copies of all documents, recordings, or statements from, or information provided by, any of Defendant's employees or any person which pertain to Plaintiff's allegations contained in or encompassed by the Complaint.

RESPONSE:


      11.    Copies of all documents provided by Defendant to Plaintiff at any time during his employment by Defendant.

RESPONSE:

12. Copies of all documents which will be used in Plaintiff's prosecution of this case at trial.

RESPONSE:


13. Copies of all correspondence or documents sent or provided to Plaintiff from any person, corporation or other entity which relate in any fashion or manner to any aspect of Plaintiff's employment by Defendant.

RESPONSE:


14. Copies of all correspondence <u>from</u> Plaintiff to any person, corporation or other entity which relate in any way to any attempt by Plaintiff to secure employment from July 23, 2004 to the present.

RESPONSE:


15. Copies of all correspondence <u>to</u> Plaintiff from any person, corporation or other entity which relate in any way to any attempt by Plaintiff to secure employment or the response to said application for employment from July 23, 2004 to the present.

RESPONSE:


16. Copies of all written offers of employment made by any entity to Plaintiff from July 23, 2004 to the present.

RESPONSE:


17. Copies of all of Plaintiff's responses to any written offers of employment made by any entity to Plaintiff from July 23, 2004 to the present.

RESPONSE:


4

18. Copies of all check stubs from any salary or wage checks received by Plaintiff from January 1, 2005 through the present.

RESPONSE:


19. Copies of all versions of any résumés prepared or used by Plaintiff, and any drafts thereof, since July 23, 2004.

RESPONSE:


20. Copies of all help wanted ads to which Plaintiff responded.

RESPONSE:


21. Copies of all expert witness reports, written statements or other investigation materials which Plaintiff intends to use at trial and/or during prosecution of this case.

RESPONSE:


22. A copy of the curriculum vitae of any expert retained.

RESPONSE:


23. Copies of all documents provided to Union Local 1186 in relation to any grievance and/or arbitration over Plaintiff's discharge.

RESPONSE:

24.  Copies of all documents Union Local 1186 provided to Plaintiff in relation to the grievance and/or arbitration over Plaintiff's discharge.

RESPONSE:


25.  Please complete, sign and return the attached *Request for Copy or Transcript of Tax Form*.

RESPONSE:


26.  Please sign and return the attached *Request for Social Security Earnings Information*.

RESPONSE:


27.  Please sign and return the attached authorization for the release of records from the Social Security Administration.

RESPONSE:


28.  Please sign and return, in sufficient number, the attached *Authorization* for release of employment records.

RESPONSE:


29.  Please sign and return, in sufficient number, the attached *Authorization* for release of records from entities Plaintiff sought employment.

RESPONSE:

30. Produce for copying the original of all tape recordings of any conversations of telephone calls made by Plaintiff at any time during his employment by Defendant.

RESPONSE:

        Respectfully submitted,

        JACKSON LEWIS LLP

        */s/ Martin J. Saunders*
        Martin J. Saunders
        PA ID #19940
        Mark Goldner
        PA ID #75938
        One PPG Place, 28th Floor
        Pittsburgh, PA 15222
        Phone (412) 232-0404
        Fax (412) 232-3441

        ATTORNEYS FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY GOODWIN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-CV-161 (Erie) |
| | ) | |
| v. | ) | Judge Maurice B. Cohill, Jr. |
| | ) | |
| ACCURIDE ERIE, L.P., | ) | |
| | ) | |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

This is to certify that DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS were served upon the plaintiff's counsel this 11th day of November, 2005, via first class United States mail, postage prepaid, addressed as follows:

> Joseph H. Chivers, Esquire
> 312 Boulevard of the Allies, Suite 600
> Pittsburgh, PA 15222

_____

8