IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY GOODWIN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-CV-161 (Erie) |
| | ) | |
| v. | ) | Judge Maurice B. Cohill, Jr. |
| | ) | |
| ACCURIDE ERIE, L.P., | ) | ELECTRONIC FILING |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR BRIEF EXTENSION OF DISCOVERY TO COMPLETE DEPOSITIONS**

NOW COMES Defendant Accuride Erie, L.P., ("Defendant"), by and through its undersigned counsel, and files this Opposition to Plaintiff's Motion for Brief Extension of Discovery to Complete Depositions and states as follows:

1. Plaintiff has failed to diligently and timely pursue discovery in this case and failed to take appropriate procedural steps, i.e. issue subpoenas, to ensure the attendance of deponents at depositions unnecessarily scheduled at the end of the discovery period. Plaintiff's dilatory conduct does not warrant an extension of the discovery period to rectify a predicament of Plaintiff's making.

2. Pursuant to the Order of this court of April 13, 2006, discovery in this case closes May 30, 2006.

3. On May 12, 2006, Plaintiff served Notices of Deposition on Defendant for Aubrey Favors, Sabrina Gore, Diandre Thompson, Dave Shindledecker, and Ross Russo. The Notices provided the depositions were to take place on May 31, 2006.

4. Of the five Notices of Deposition, only one of the Notices is effective to compel attendance at the noticed deposition. Mr. Favors is a supervisor for Defendant and will

be made available by Defendant for his deposition. Two of the Notices of Deposition are directed to former employees of Defendant, Dave Shindledecker and Ross Russo. Shindledecker and Russo must be compelled to attend their depositions by subpoena. The remaining two Notices of Deposition are directed to non-supervisory, hourly employees of Defendant, Sabrina Gore and Diandre Thompson, who are not representatives of Defendant and whose attendance at the depositions may not be compelled by Defendant. Gore and Thompson must be compelled to attend their depositions by subpoena.

      5.    Plaintiff has been aware of the employment status of Shindledecker and Russo since his counsel's receipt of Defendant's Answers and Objections to Plaintiff's First Set of Interrogatories and Request for Production of Documents, served by First Class Mail on May 3, 2006. In response to Plaintiff's Interrogatory No. 2, Defendant clearly identifies Shindledecker and Russo as former employees. A true and correct copy of Defendant's Answer to Plaintiff's Interrogatory No. 2 is attached.

      6.    Plaintiff likewise has been aware that Gore is a non-supervisory, hourly employee of Defendant, since his counsel's receipt of Defendant's Answers and Objections to Plaintiff's First Set of Interrogatories and Request for Production of Documents, served by First Class Mail on May 3, 2006. In response to Plaintiff's Request for Documents No. 3, Defendant produced personnel records pertaining to Gore that identified her as a non-supervisory, hourly employee. A true and correct copy of Defendant's Response to Plaintiff's Request for Documents No. 3 is attached.

      7.    Plaintiff has been dilatory in the conduct of discovery from the commencement of this action. This Court issued its Case Management Order on December 5, 2005, setting the close of discovery at April 30, 2005.

8. Plaintiff served his first set of discovery requests on Defendant on March 31, 2006, thirty days prior to the close of discovery.

9. On April 12, 2006, Plaintiff filed his Motion, With Opposition, for Extension of Discovery and requested a thirty day extension of the discovery period. This Court granted Plaintiff's Motion and extended discovery until May 30, 2006.

10. Defendant served Defendant's Answers and Objections to Plaintiff's First Set of Interrogatories and Request for Production of Documents on Plaintiff by First Class Mail on May 3, 2006.

11. Despite Plaintiff's delay in pursuing discovery, and his obtaining an extension of the discovery period, Plaintiff did not serve his Notices of Deposition until May 12, 2006.

12. Plaintiff possessed the information to identify the appropriate means of compelling attendance of his deponents - subpoenas. Plaintiff's failure to timely and diligently pursue discovery in this case has placed him in the position of being unable to take the desired depositions within the discovery period. Plaintiff's predicament is entirely of his making. This Court has already indulged Plaintiff with an extension of the discovery period. Plaintiff failed to take appropriate advantage of the Court's indulgence. This Court should not reward Plaintiff and further indulge him.

WHEREFORE, Defendant requests this Honorable Court deny Plaintiff's Motion for Brief Extension of Discovery to Complete Depositions.

Respectfully submitted,

JACKSON LEWIS LLP

By: /s/Martin J. Saunders
    Martin J. Saunders
    PA ID #19940
    saunderm@jacksonlewis.com
    Mark Goldner
    PA ID #75938
    goldnerm@jacksonlewis.com
    One PPG Place, 28th Floor
    Pittsburgh, PA 15222
    Phone (412) 232-0404
    Fax (412) 232-3441

    ATTORNEYS FOR DEFENDANTS

Date: May 30, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY GOODWIN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-CV-161 (Erie) |
| | ) | |
| v. | ) | Judge Maurice B. Cohill, Jr. |
| | ) | |
| ACCURIDE ERIE, L.P., | ) | ELECTRONIC FILING |
| | ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Joseph H. Chivers, Esquire
312 Boulevard of the Allies, Suite 600
Pittsburgh, PA 15222


*/s/ Martin J. Saunders*