IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY GOODWIN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 05-CV-161 (Erie) |
| ) | |
| v. ) | Judge Maurice B. Cohill, Jr. |
| ) | |
| ACCURIDE ERIE, L.P., ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, Accuride Erie, L.P. ("Defendant"), by and through its undersigned counsel, submits the following Answers and Objections to Plaintiff's First Set of Interrogatories and First Request for Production of Documents.

## GENERAL OBJECTIONS

Defendant objects to each of Plaintiff's Interrogatories and Request for Production of Documents to the extent it seeks information or documents which contain the mental impressions of counsel or which are protected by the Attorney-Client Privilege or Attorney Work Product Doctrine.

Defendant objects to each Interrogatory and Request for Production of Documents to the extent that it seeks information or documents regarding any of Accuride's facilities or locations other than the location at which Plaintiff worked or which calls for information or documents outside of the time period relevant to Plaintiff's claims. Information and/or documents relating to Defendant's other business locations or outside the relevant time period are both irrelevant and immaterial to any issue raised by this litigation and, therefore, are not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also objects to each Interrogatory and Request for Production of Documents to the extent it is burdensome and oppressive and is designed solely to harass Defendant and to exacerbate the costs of defense.

Defendant objects to each Interrogatory and Request for Production of Documents to the extent it is vague, ambiguous and overbroad and, therefore, unanswerable by Defendant without resort to conjecture and speculation.

Defendant hereby incorporates by reference each of the above stated general objections into each of Defendant's Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents as though fully set forth at length therein.

Additionally, Defendant's investigation is ongoing and, therefore, Defendant reserves the right to supplement these Responses as permitted by the Federal Rules of Civil Procedure and all applicable local rules.

Notwithstanding the foregoing General Objections, and without waiving same, Defendant provides the following specific Responses and Objections.

## ANSWERS TO INTERROGATORIES

1. Identify the individuals with management responsibility for Plaintiff and identify their specific responsibilities for the period June 2002 through the present. Identify and produce any and all documents responsive to this interrogatory.

**ANSWER**: Plaintiff was terminated on or about July 23, 2004. Defendant objects to this interrogatory to the extent that it seeks information subsequent to his termination as being irrelevant and immaterial to any issue raised by this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the forgoing objections, at the time of Plaintiff's termination, the following individuals were in management positions relative to the Plaintiff.

David Shindledecker, Machine Line Coordinator
Jerry Bruno, Machine Line Coordinator
Ross Russo, Machine Line Coordinator
David Jude, Production Supervisor
Ike Pickens, Production Supervisor
Arnold Jones, Production Supervisor
Robert Lindsey, Production Supervisor

2. Identify each of Defendant's employees or former employees, including officers or managers, whom Defendant has contacted regarding this case or these discovery requests. Include, at a minimum, the information outlined in Instruction F, and indicate whether Defendant intends to use the individual as a witness. Identify and produce all documents responsive to this interrogatory.

**ANSWER**: All of the following individuals have been contacted by Defendant and may be used as witnesses, amongst others, in this case.

Aubrey Favors - Male
Employed by Defendant
Second Shift Supervisor

Jerry Bruno - Male
Employed by Defendant
Machine Line Supervisor

David Shindledecker - Male
Employed by General Electric
Last day worked for Defendant 3/16/2005

Rose Russo - Female
Employed by Starris
Last day worked for Defendant 12/24/2004

William McGill - Male
Employed by Defendant
Facility Technician

Michael Pinson - Male
Employed by Defendant
Human Resources Manager

David Jude - Male
Employed by Defendant
Production Supervisor

Gregory Goodwin - Male
Plaintiff/Employed by Defendant
Terminated July 23, 2004

3. Name each and every individual Defendant knows or believes has knowledge or information concerning any facts related to this case, and explain the substance of the individual's knowledge or information. Identify and produce all documents responsive to this interrogatory.

**ANSWER**: See the individuals identified in answer to Interrogatory No. 2 which is hereby incorporated by reference as if fully set forth. Additionally, Sabrina Gore will testify that she did not engage in, and was never accused of engaging in, a work slowdown/work stoppage or encouraging others to do the same.

4. State, describe and explain the reasons given for Plaintiff's termination. Identify and produce all documents responsive to this interrogatory.

**ANSWER**: See letter of July 23, 2004 to Plaintiff from Michael Pinson which is hereby incorporated by reference as if fully set forth.

5. State, describe and explain the reasons why the black woman accused of similar work slowdowns/work stoppages as Plaintiff was neither disciplined nor terminated. Identify and produce all documents responsive to this interrogatory.

**ANSWER**: No black woman was accused of a work slowdown/work stoppage.

## REQUESTS FOR DOCUMENTS

1. Produce the following records regarding Plaintiff:

   (1) Personnel records;
   (2) Medical records;
   (3) Disciplinary/performance records;
   (4) Qualification records;
   (5) Performance evaluations;
   (6) Time records; and,
   (7) Any other records regarding Plaintiff, including records maintained other than in files specifically designated for Plaintiff, such as memoranda

regarding Plaintiff maintained by his supervisors or other management or staff in their own files.

**RESPONSE**: Defendant will produce the documents called for by Request No. 1 with the exception of items #2 and #6. The latter two items are objected to as calling for documents which are irrelevant and immaterial to any issue raised by this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, item #2 is objected to on the basis that Plaintiff has not provided Defendant with a HIPAA release authorizing the production of such records.

    2.    Produce the following records regarding Aubrey Favors (name of black woman):

    (1) Personnel records;
    (2) Disciplinary/performance records;
    (3) Qualification records;
    (4) Performance evaluations;
    (5) Time records; and,
    (6) Any other records regarding Aubrey Favors, including records maintained other than in files specifically designated for Ms. Favors, such as memoranda regarding Ms. Favors maintained by her supervisors or other management or staff in their own files.

**RESPONSE**: Defendant will produce the documents called for by Request No. 2 through the date of Plaintiff's termination with the exception of item #5 as it and any documents after Plaintiff's termination are irrelevant and immaterial to any issue raised by this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

    3.    Produce the following records regarding Sabrina Gore:

    (1) Personnel records;
    (2) Disciplinary/performance records;
    (3) Qualification records;
    (4) Performance evaluations;
    (5) Time records; and,
    (6) Any other records regarding Sabrina Gore, including records maintained other than in files specifically designated for Ms. Gore, such as memoranda regarding Ms. Gore maintained by her supervisors or other management or staff in their own files.

**RESPONSE**: Defendant will produce the documents called for by Request No. 3 through the date of Plaintiff's termination with the exception of item #5 as it and any documents after Plaintiff's termination are irrelevant and immaterial to any issue raised by this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

## **VERIFICATION**

I, Michael A. Pinson, PHR, Human Resources Manager, on behalf of Accuride Erie, L.P., depose and say that the facts set forth in *Defendant's Answers and Objections to Plaintiff's First Set of Interrogatories* are true and correct to the best of my knowledge, information, and belief. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Michael Pinson

Dated: 24 APRIL, 2006