IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY GOODWIN | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-161 (Erie) |
| | ) | |
| v. | ) | Judge Maurice B. Cohill, Jr. |
| | ) | |
| ACCURIDE ERIE, LP | ) | |
| | ) | Electronically Filed |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR BRIEF EXTENSION OF DISCOVERY**

AND NOW COMES Plaintiff, Gregory Goodwin, by and through his counsel, Joseph H. Chivers, Esquire, and hereby responds to Defendant's Opposition to Plaintiff's Motion for Brief Extension of Discovery:

1. Defendant's opposition is premised on the false assumption that because two of the individuals who were to be deposed on May 31, 2006, are non-supervisory employees that Plaintiff should have understood subpoenas would be required. Defendant cites no authority in support of this premise. Indeed, since Pennsylvania is an employment-at-will state, the employer has every right to direct one of its employees during the regular course of business to attend a deposition or, for that matter, engage in any other lawful activity so long as that activity is properly compensated.

2. Regardless of Defendant's right to direct its at-will employees to appear for depositions, Plaintiff's counsel has never been <u>required</u> over the past sixteen (16)

years in the Western District to serve subpoenas for current employees, but has served them only when requested - typically by employees who are fearful of otherwise adverse repercussions. Indeed, until Plaintiff's counsel had a telephone conversation with Defense counsel on May 26, 2006, Plaintiff's counsel had every reason to believe the individuals still working for Defendant (Sabrina Gore and DeAndre Thompson) would be present for their depositions on May 31, 2006. In light of the fact this was some fourteen (14) days after the notices were served (notices served May 12, 2006), and no objection was raised or otherwise made during the ten (10) days following those notices, Defendant can not now fairly ask that it be given the obvious advantage in this matter of Plaintiff's being unable to depose these two individuals. In short, if Defendant knew it would not compel the attendance of these two individuals it should have promptly notified Plaintiff of the same, certainly within the ten days following the notices. At the very least, if Defense counsel had timely raised this as an issue then there would have been sufficient time to issue the subpoenas and have these two individuals appear for deposition. (As a point of order, two other subpoenas were issued - to two union officials - in sufficient time for those two individuals to be given adequate notice and to appear at the depositions scheduled for May 31, 2006. The same could have been done if Defense counsel had simply notified Plaintiff's counsel that these active employees (Gore and Thompson) would not be directed to appear for the noticed depositions.)

WHEREFORE, Plaintiff has prosecuted this matter with appropriate diligence, any additional time to complete the depositions is more a function of Defense counsel not objecting to the notices of depositions or otherwise giving Plaintiff's counsel fair notice of the alleged problem of having certain employees appear for the depositions, a brief extension will in no way unduly

**prejudice Defendant and, obversely, not granting the brief extension will prejudice Plaintiff.  The brief extension of discovery is therefore appropriate.**

**Respectfully submitted,**

**  s/Joseph H. Chivers, Esquire**
**Joseph H. Chivers, Esquire**
**PA ID No. 39184**
**Suite 600, 312 Boulevard of the Allies**
**Pittsburgh, PA  15222-1923**
**jchivers@employmentrightsgroup.com**
**(412) 281-1110 / (412) 281-8481 FAX**

**Counsel for Plaintiff**
**Gregory Goodwin**

**Dated:** <u>May 30, 2006</u>