IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GREGORY GOODWIN,               )
                               )
                               )
   Plaintiff,                  )
                               )
      v.                       )   Civil No. 05-161 ERIE
                               )
ACCURIDE ERIE, L.P.,           )
                               )
   Defendant.                  )

### REVISED CASE MANAGEMENT ORDER

AND NOW, to-wit, this 31st day of May, 2006, upon consideration of Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. 14), said motion be and hereby is GRANTED. The following Revised Case Management Order is hereby entered.

IT IS ORDERED that the above-captioned civil action shall proceed under Local Rule 16.1 of this Court, for pretrial proceedings. All provisions of the Rule will be strictly enforced.

IT IS FURTHER ORDERED that counsel shall confer with their clients prior to all case management, status or pretrial conferences in order to obtain authority for the purpose of participating in settlement negotiations to be conducted by the court. Counsel are encouraged to appear with their principals at all such conferences, or instruct the principals to be available by telephone to facilitate the amicable resolution of all litigation.

1. After consultation with the parties we find that this action is a Track I case.

2. The parties have not elected to have the case referred for voluntary arbitration.

3. Rule 26(a)(1) disclosure statements have been exchanged.

4. The Plaintiff may move to add new parties on or before N/A. The Defendant may move to add new parties on or before N/A. The Parties may move to amend the pleadings on or before N/A.

5. The parties shall complete discovery on or before __July 7, 2006__. All interrogatories, depositions, requests for admissions and requests for production shall be served within sufficient time to allow responses to be completed prior to the close of discovery.

6. Plaintiff shall serve expert disclosures on or before __April 1, 2006__. Defendants shall serve their expert disclosures on or before __May 1, 2006__. Expert depositions shall be completed by __June 15, 2006__.

7. a. The parties shall file motions for judgment on the pleadings, for summary judgment, or to dismiss, if appropriate, on or before __August 10, 2006__. All such motions shall be accompanied by a brief. Responses to such motions shall be accompanied by briefs and filed on or before __September 8, 2006__. Any reply briefs shall be due (15) days thereafter. All motions for summary judgment and responses shall include a Concise Statement of Material Facts as provided in L.R. 56.1.

b. In addition to the concise statements of material facts required by L.R. 56.1, on or before __September 15, 2006__, the movant shall file a joint concise statement of material facts. The opposing party shall cooperate with the movant in preparing the joint concise statement of material facts. This joint concise statement shall combine the movant's concise statement of material facts with the responsive concise statement, i.e., the movant shall combine its separately numbered paragraph (1) with the response to that same numbered paragraph in the revised separately numbered paragraph (1). The joint concise statement shall be prepared so that the response to each separately numbered paragraph is readily identifiable as a response and not part of the movant's submission.

8. If the parties do not file motions for judgment on the pleadings, for summary judgment, or to dismiss, plaintiff's pretrial narrative statement shall comply with Local Rule 16.1.4A and be filed on or before __August 15, 2006__. Counsel shall specify the material facts including damages to be proved at trial. Proof of material facts not specified may be excluded at trial upon objection or by the Court *sua sponte*.

9. If such dispositive motions are filed, and they are denied, plaintiff's pretrial narrative statement shall comply with Local Rule 16.1.4A and be filed within forty-five days after the Court's decision. Counsel shall specify the material facts including damages to be proved at trial. Proof of material facts not specified may be excluded at trial upon objection or by the Court *sua sponte*.

10. Defendant's pretrial narrative statement shall comply with Local Rule 16.1.4B and be filed within twenty-one days of the filing of plaintiff's pretrial statement. Counsel shall specify the material facts to be proved at trial. Proof of material facts not specified may be excluded at trial upon objection or by the Court *sua sponte*.

11. Within twenty-one days of the filing of defendant's pretrial statement, counsel for any third-party defendant shall file a brief narrative statement meeting the requirements of Local Rule 16.1.4C.

12. If requested by the parties, the Court will schedule a status conference at the convenience of the Court and the parties.

13. If the case is not to be decided on dispositive motions, the case shall be called for trial in __January 2007__. Counsel are instructed to review the provisions of Local Rule 16.1.

14. The Court shall schedule a pretrial conference at a later date.

15. Subsequent to the pretrial conference, counsel for all parties may be ordered by the Court to meet at a mutually convenient place to complete a pretrial stipulation to further delineate the legal and factual issues involved.

16. It is estimated that trial will take __3__ days.

17. Any exhibit which has not been identified by counsel in a pretrial narrative statement, except an exhibit to be used solely for impeachment purposes, shall not be admitted as evidence.

18. Any depositions or any portion thereof to be read into evidence shall be identified at the pretrial conference. Objections to the admissibility of any portion thereof shall be identified and submitted to the Court at the pretrial conference. This order does not include video taped qualifications of experts.

19. The anticipated absence of any witness shall not be sufficient cause to delay the trial. Video tape deposition service is available through the Clerk of Court.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc: counsel of record