# Exhibit D

Case 1:05-cv-00161-MBC    Document 23-5    Filed 08/31/2006    Page 1 of 9

1

```
 1            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA
 2
                          -  -  -
 3
     GREGORY GOODWIN,            )
 4                               )
                    Plaintiff,   ) Civil Action
 5                               )
        vs.                      ) No. 05-CV-161 (Erie)
 6                               )
     ACCURIDE ERIE, L.P.,        ) Judge Maurice Cohill, Jr.
 7                               )
                    Defendant.   )
 8
                          -  -  -
 9

10          DEPOSITION OF GREGORY A. GOODWIN
                THURSDAY, APRIL 20, 2006
11
                          -  -  -
12

13        Deposition of GREGORY A. GOODWIN, called as a

14  witness by the Defendant, taken pursuant to Notice of

15  Deposition and the Federal Rules of Civil Procedure,

16  by and before Maureen T. McCall, Notary Public in and

17  for the Commonwealth of Pennsylvania, at the offices

18  of Jackson Lewis, 28th Floor, One PPG Place,

19  Pittsburgh, Pennsylvania 15222, commencing at 10:51

20  a.m., on the day and date above set forth.

21                        -  -  -

22

23
```

JOHNSON and MIMLESS   ORIGINAL
(412) 765-0744

8

1   A.    Yes.
2   Q.    I'm going to show you what's been marked as
3   Exhibit 1. That's a copy of the grievance that you
4   filed concerning your termination; is it not?
5   A.    Correct.
6   Q.    Do you know a Kevin Russo?
7   A.    Rouse.
8   Q.    Rouse?
9   A.    Yes.
10  Q.    He also was given a suspension for instigating
11  or interfering -- instigating a work stoppage or
12  interfering with production, was he not?
13  A.    Yes.
14  Q.    Do you recognize -- I'm showing you what's been
15  marked as Exhibit 2. Do you recognize Exhibit 2 as
16  your letter of suspension?
17  A.    Yes.
18  Q.    I'm showing you what's been marked as Exhibit
19  3, and do you recognize Exhibit 3 as a letter to you
20  concerning the preliminary determination to terminate
21  your employment?
22  A.    Yes.
23  Q.    No manager of the company has ever told you or

1  to your knowledge said that you were fired for any
2  reason other than what is set forth in the correspond-
3  ence to you concerning your termination, have they?
4     A.   No.
5     Q.   Now, you filed a charge with the National Labor
6  Relations Board concerning your termination, did you
7  not?
8     A.   Yes.
9     Q.   I'm showing you what's been marked as Exhibit
10 9, and do you recognize that as the charge that you
11 filed with the National Labor Relations Board
12 concerning your termination?
13    A.   Yes.
14    Q.   Now, you also filed a charge with the EEOC
15 concerning your termination, did you not?
16    A.   Yes.
17    Q.   Now, I'm showing you what's been marked as
18 Exhibit 6, and I'll ask you if you recognize that as
19 the charge that you filed with the EEOC?
20    A.   Yes.
21    Q.   I'll show you what's been marked as Exhibit 5,
22 and I'll ask if you recognize that as correspondence
23 that you received from the EEOC concerning your charge

10

1  of discrimination?
2     A.   Yes.
3     Q.   That told you that they were dismissing your
4  charge for finding no cause, did it not?
5     A.   No.
6          MR. CHIVERS:  He's just asking you what
7          this document says, not the merits.
8          THE WITNESS:  Okay.
9          MR. CHIVERS:  Not the merits, just what
10         does the document say.
11    A.   That's what it says.
12    Q.   I'm showing you what's been marked as Exhibit
13 5A.  Do you recognize that as the correspondence you
14 received from the Pennsylvania Human Relations
15 Commission?
16    A.   Yes.
17    Q.   That also told you that the Pennsylvania Human
18 Relations Commission was dismissing your charge
19 finding that it lacked merit, didn't it?
20    A.   Yes.
21    Q.   I'm showing you what's been marked as Exhibit
22 7, and do you recognize that as a document you
23 completed in conjunction with the filing of your

1  charge with the EEOC?
2  A.  Yes.
3  Q.  Now, in response to question 4 on page 2,
4  question 4 reads:  What reason was given to you for
5  the action taken against you or for the treatment you
6  received that you're complaining about?  You wrote:
7  Work stoppage and slowdown, conduct, Article 42
8  contract union, did you not?
9  A.  Yes.
10 Q.  I'll show you what's been marked as Exhibit 8.
11 Exhibit 8 is documents you submitted to the EEOC in
12 support of your discrimination charge, were they not?
13 A.  Correct.
14 Q.  And they were signed by employees who in fact
15 witnessed the situation with Miss Gore and Mr. Bruno?
16 A.  I can only see one employee.
17 Q.  And who was that?
18 A.  That was Dan Kelly.
19 Q.  And on page 2, there's Dan Kelly's signature,
20 there's Jerry Bruno's signature?
21 A.  Uh-hum.
22 Q.  Who is beneath Jerry Bruno?
23 A.  That looks like Ike Pickens I would say.

```
 1  company said, that they do not keep records of
 2  individuals or anything like that.  So how the company
 3  does this, I don't know.
 4              MR. CHIVERS:  Was that line 6 the one that
 5        was shut down?
 6              MR. SAUNDERS:  I didn't say 6.
 7              MR. CHIVERS:  What line?
 8              THE WITNESS:  Line 7.  Line 7 was shut
 9        down for eight hours.
10     Q.   Did you personally witness an incident
11  concerning Aubre Favors and a John Plyer in the locker
12  room?
13     A.   Yes.
14     Q.   And what was that about?  Was it an argument?
15     A.   It was -- yes, it was an altercation.
16     Q.   Verbal altercation?
17     A.   Yes.
18     Q.   Nobody punched anybody?  There was no fight,
19  was there?
20     A.   No.
21     Q.   If you go back to Exhibit 7 and look at the
22  last page, you've signed the document at the bottom?
23     A.   Yes.
```

16

1   Q.   And it's in your handwriting?
2   A.   Yes.
3   Q.   And the second handwritten paragraph reads:
4   Retaliation - I am being treated differently because
5   Dave Shingledecker (supervisor) and Ross Rosso
6   (supervisor) don't like me and told Kevin Rouse to
7   tell Michael Pinson HR manager that I'm no good -
8   quote, fuck Goodwin, he's an asshole, quote - I am a
9   troublemaker, quote, and say he told you, quote, fuck
10  the company, quote.  Quote, tell them anything Rouse,
11  quote.  Is that correct?
12  A.   That's what it says.
13  Q.   I'm going to show you what's been marked
14  Exhibit 13.  I have to get copies of that one.
15  Exhibit 13 is your application for employment at C.A.
16  Curtze, is it not?
17  A.   Yes.
18  Q.   And you certified on page 4 of the document
19  that the information you provided to Curtze is true
20  and correct, didn't you?
21  A.   Correct.
22  Q.   Did you lie about anything on there?
23  A.   No.

23

CERTIFICATE

COMMONWEALTH OF PENNSYLVANIA :
: SS.:
COUNTY OF ALLEGHENY :

I, Maureen T. McCall, a Notary Public in and for the Commonwealth of Pennsylvania, do hereby certify that before me personally appeared GREGORY A. GOODWIN, the Plaintiff herein, who then was by me first duly cautioned and sworn to testify the truth, the whole truth and nothing but the truth in the taking of his oral deposition in the cause aforesaid; that the testimony then given by him as above set forth was reduced to stenotypy by me, in the presence of said witness, and afterwards transcribed by computer-aided transcription under my direction.

I do further certify that this deposition was taken at the time and place specified in the foregoing caption, and was completed without adjournment and signature was not waived.

I do further certify that I am not a relative of or counsel or attorney for any party hereto, nor am I otherwise interested in the event of this action.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my seal of office at Pittsburgh, Pennsylvania, on this 11th day of May, 2006.

The foregoing certification does not apply to any reproduction of this transcript in any respect unless under the direct control and/or direction of the certifying reporter.

*Maureen S. McCall*
Maureen T. McCall, Notary Public
in and for the Commonwealth of
Pennsylvania

My commission expires November 14, 2007.