# Exhibit E



July 21, 2004

**HAND DELIVERED**

Mr. Greg Goodwin
790 Moorhead Ville Road
North East, Pennsylvania 16428

    Re:    Notice of Preliminary Determination of Termination

Dear Mr. Goodwin:

The purpose of this letter is to inform you that a preliminary determination has been made to terminate your employment with Accuride Erie.

Our investigation has determined that a work slowdown occurred in the Erie Plant that included activities such as efforts by employees to fail to work to the best of their ability; efforts to delay startups; efforts to slow down robot speeds and to stop or limit production equipment from operating. Our investigation has indicated that you participated in the slowdown, in violation of Article 42 of the Agreement and Rule 11 of the Rules of Conduct.

We believe you have expressed your desire to have a hearing in this matter. Therefore, a hearing has been scheduled for Thursday, July 22, 2004, at 9:00 a.m. to review the facts. The hearing will be held in the conference room in the administration building at the Erie Plant. If you choose not to have a hearing, please let us know that by 5:00 p.m. on Wednesday.

Very truly yours,

*[signature]*

Michael A. Pinson
Human Resources Manager

cc:    Mr. Greg Goodwin, c/o Mr. Ron Celeski (via hand delivery)

**EXHIBIT 3**



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Pittsburgh Area Office

Liberty Center
1001 Liberty Avenue, Suite 300
Pittsburgh, PA 15222-4187
(412) 644-3444
TTY (412) 644-2720
FAX (412) 644-2664

Gregory A. Goodwin
790 Moorhead Ville Road
North East, PA 16428

Re: 172-2004-01903
Goodwin v. Accuride

Dear Mr. Goodwin:

Your charge of employment discrimination referenced above was investigated pursuant to the Commission's policies and procedures in which it was determined the allegations were not substantiated as indicated below:

You alleged that the Respondent discriminated against you because of your race/white and sex/male by suspending you from your position of Machine Line Operator on July 10, 2004, and by discharging you from said position on or about July 23, 2004, in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII).

You were advised of the Respondent's defense by a letter from the Equal Employment Opportunity Commission (EEOC) on or about November 29, 2004. On or about December 13, 2004, you submitted a rebuttal for the EEOC's review. Subsequent to the submission of your rebuttal, the EEOC reviewed information from the National Labor Relations Board (NLRB) concerning the referenced matter on December 29, 2004.

However, after an examination of the information provided by you, the Respondent, the NLRB, and witness testimony, the EEOC is unable to conclude that your race and/or sex were factors in the alleged harms.

Therefore, the EEOC has determined that it is unlikely that further investigation will result in a finding of a violation against the Respondent. Accordingly, please find enclosed the Commission's Dismissal and Notice of Rights. If you wish to pursue this matter further, you may file a lawsuit on your own behalf within 90 days of your receipt of the attached notice.

Sincerely,

Paul Southworth
Investigator

Enclosure



EXHIBIT 5

EEOC Form 161 (3/98)     EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Gregory A. Goodwin
790 Moorhead Ville Road
North East, PA 16428

From: Pittsburgh Area Office
1001 Liberty Avenue
Suite 300
Pittsburgh, PA 15222

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 172-2004-01903 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Joseph M. Hardiman_        03-30-05

Enclosure(s)

**Joseph M. Hardiman, III**
**Area Office Director**

(Date Mailed)

cc: Accuride, L.P.

Chairperson
STEPHEN A. GLASSMAN
Vice-Chairperson
RAQUEL OTERO de YIENGST
Secretary
DANIEL D. YUN
Executive Director
HOMER C. FLOYD



COMMONWEALTH OF PENNSYLVANIA
HUMAN RELATIONS COMMISSION
301 Chestnut Street, Suite 300
P.O. Box 3145
Harrisburg, PA 17105-3145
(717) 787-4410 (Voice)
(717) 787-4087 (TT)

COMMISSIONERS
DAVID A. ALEXANDER
M. JOEL BOLSTEIN
THEOTIS W. BRADDY
TIMOTHY CUEVAS
REV. DR. JAMES EARL GARMON, SR.
TONI M. GILHOOLEY
J. WHYATT MONDESIRE

www.phrc.state.pa.us

May 24, 2005

Gregory A Goodwin
790 Moorheadville Road
North East PA 16428

RE: Gregory A Goodwin v Accuride LP
    Case No.200403492
    EEOC No. 172200401903

Dear Gregory A Goodwin:

This letter will notify you that the Pennsylvania Human Relations Commission (PHRC) has closed the above referenced case for the following reason(s): Enclosed is a Notice of Complainant's Rights.

[ ]   The facts you allege fail to state a claim under the PHRAct.

[ ]   Your complaint was not timely filed with the PHRC.

[ ]   You failed to provide requested information or otherwise failed to cooperate with the PHRC to the extent that the Commission has been unable to resolve your charge.

[ ]   The PHRC has made reasonable efforts to locate you and has been unable to do so. You had at least 30 days to respond to a notice sent to your last known address.

[ ]   The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received notice of this settlement offer.

[X]   Based upon the Commission's (EEOC) investigation, the PHRC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   You filed a civil action in state or Federal court.

[ ]   Your case was closed administratively.

The Pennsylvania Human Relations Act affords the complainant and the respondent the opportunity for comments after the final disposition of the complaint. If you wish to make written comments regarding the complaint, please send them to Peggy J Raynock, Director of Compliance, at the above address. Your comments will be provided to Commission members.
Very truly yours,

Homer C. Floyd
Executive Director
HCF: kmp
Enclosure


EXHIBIT 5a

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>172-2004-01903 |
|---|---|---|

Pennsylvania Human Relations Commission _____ and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.)<br>Mr. Gregory A. Goodwin | Home Phone No. (Incl Area Code)<br>(814) 899-8163 | Date of Birth |
|---|---|---|

| Street Address<br>790 Moorheadville Road | City, State and ZIP Code<br>North East, PA 16428 |
|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>ACCURIDE, L. P. | No. Employees, Members<br>101 - 200 | Phone No. (Include Area Code)<br>(814) 480-6400 |
|---|---|---|

| Street Address<br>1015 E. 12th Street, Suite 200, Erie, PA 16503 | City, State and ZIP Code |
|---|---|

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 07-10-2004    Latest: 07-23-2004
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

1. On July 10, 2004, I was suspended without pay from my position of Machine Line Operator. On July 23, 2004, I was discharged from my employment with the Respondent. I had been employed by the Respondent since June 3, 2002.

2. On July 10, 2004, Mr. Michael A. Pinson, Human Resources Manager, informed me that I was suspended pending an investigation into my possible violation of Article 42 of the Labor Agreement and the Rules of Conduct. Article 42 provides in pertinent parts that the Union will not authorize or knowingly permit employees to cause or take part in any strikes, work stoppages, slowdowns or interruptions, or cessations of work. By letter dated July 23, 2004, Mr. Pinson informed me that I was discharged, effective immediately. He stated, "You were suspended pending an investigation into your conduct, effective July 11, 2004. As we informed you, we received information that you engaged in conduct that violates Article 42 of the Agreement between Accuride Erie and UAW, Local 1186. In addition, we received information that you engaged in conduct that violates Rule 11 of the Erie Plant Rules of Conduct. Rule 11 prohibits in pertinent part, any attempt to interrupt production or any aspect of the operations. Our investigation determined that there was a slowdown in the Erie Plant that included activities such as efforts by employees to fail to work to the best of their abilities, to delay startups, to slowdown robot speeds, and to stop or limit production equipment from operating. Our investigation indicated that you participated in the slowdown by, among other conduct, repeatedly

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| 10-9-04    [signature]<br>Date    Charging Party Signature | |

EXHIBIT 6

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 172-2004-01903 |

Pennsylvania Human Relations Commission _____ and EEOC
*State or local Agency, if any*

THE PARTICULARS ARE *(Continued from previous page):*

telling other employees to "fuck the Company," delaying startups, slowing down robot speeds, and slowing production by distracting workers. Your conduct violates Article 42 of the Agreement and Rule 11 of the Rules of Conduct."

3. I believe that the Respondent discriminated against me because of my race, white, and my sex, male, in violation of Title VII of The Civil Rights Act of 1964, as amended, in that the Respondent retained a black female (Ms. Sabrina Gore) who engaged in conduct similar to that for which I was discharged. I am aware that on July 13, 2004, Mr. Jerry Bruno, 2nd Shift Supervisor, told Ms. Sabrina Gore to work at the end of Line 6. Ms. Gore told him to "go fuck yourself" and walked out. She refused to do the job and left. By doing that, Machine Line 6 sat idle for eight hours. This was a blatant display of Article 42 - Work Stoppage. She was suspended for one day without pay, which was determined three weeks later to be the day she left. I was treated less favorably than Ms. Gore.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 10-7-04   *[signature]*  Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EXHIBIT 7

EEOC Pittsburgh Area Office
GENERAL INFORMATION QUESTIONNAIRE

A Questionnaire on the incident(s) you are complaining about is attached.

**If because of a disability you need assistance in completing this form contact the office at 412/644-3444.**

NAME  Gregory   A   Goodwin          TELEPHONE NO.  814-899-8163
       (First)  (Middle Name or Initial)  (Last)          (Include area code)

SOCIAL SECURITY NO. ████████          DATE OF BIRTH ████████
ADDRESS  790 Moorheadville Rd.         COUNTY  Erie
CITY  Northeast                         STATE  PA        ZIP CODE  16428

Please provide the name of an individual at a different address who is in the local area and who would know how to reach you.

NAME _____  RELATIONSHIP _____
     (First)  (Middle Name or Initial)  (Last)
ADDRESS _____  TELEPHONE NO. _____
CITY _____  STATE _____   ZIP CODE _____

Organization your complaint is against:

Employer  X    Union ____   Employment Agency ____   Other ____ (Specify)
NAME  Accuride LP                       PHONE  814 480-6400
ADDRESS  1015 E. 12th St. Suite 200
CITY  Erie                              STATE  PA    ZIP CODE  16503
TYPE OF BUSINESS  Forge

Number of employees who work at the organization named above. Please check one.

Less than 15 ____      15 to 20 ____      21 to 100 ____      More Than 100  X

**ISSUES AND PROTECTED CLASS**

All charges must state an issue which is what happened to you. You must state what protected class you fall under which is the basis for the discrimination. A person can belong to more than one protected class.  *Check the appropriate space for issues and class.*

| Issues (DATES MUST BE PROVIDED) | Provide the Most Recent Date of Discrimination | | Provide the Most Recent Date of Discrimination | Protected Class(es) (DATES MUST BE PROVIDED) | |
|---|---|---|---|---|---|
| ___ Hiring | | ___ Reasonable Accommodation | 2-13-04 | X Sex | ___ Disability |
| ___ Promotion | | ___ Training | | ___ Race | ___ National Origin |
| X Discharge | 7-23-04 | ___ Equal Pay | 2-13-04 | X Color | ___ Age (40+) |
| ___ Harassment | | ___ Union Representation | | ___ Religion | X Retaliation 7-11-04 |
| ___ Lay Off | | ___ Forced retirement or resignation | | X Other (Specify) | |
| ___ Demotion | | X Other | 7-23-04 | Selective unfair Labor practices | |
| ___ Discipline | | | | | |
| ___ Benefits | | | | | |

## GENERAL INTAKE QUESTIONNAIRE

Questionnaire on the incident you are complaining about.

**Protected class** refers to a persons race, color, sex, age (40 or over), ancestry, religion, disability and retaliation. A person can belong to more than one class.

1. **Discrimination means difference of treatment.** Please explain what happened to you and why you feel you were treated differently. In other words, what happened to persons of a **different class** that makes you feel they received more favorable treatment than you.

   I was terminated for fraudulent reasons - she still has her job after refusing to do the job and walking out.

2. What position did you hold or were you seeking with the organization identified on the cover page.

   Machine Line Operator.

3. Provide your reasons for your belief that the action taken against you was discrimination for the reasons you checked on Page 1.

   Because of disparate treatment.

4. What reason was given to you for the action taken against you or for the treatment you received that you are complaining about?

   Work stoppage + slow down - Conduct - Article 42 Contract Union

5. Are the reasons for the action taken against you by the organization accurate?

   Yes _____    No __X__

   Explain your answer:

   I have no incidences or grievances or written warning against me on file or otherwise.

6. Describe the organization's policy or usual practice that govern the actions being complained about.

   _I DON'T KNOW, THE change All The TIME._

7. Has anyone else been treated as you were under similar circumstances? Please list them and identify by protected class.

   **Name**                                    **Protected Class**

   _KEVIN ROUSE_                               _Color_

7a. What happened to him or her? _He was Asked To ~~his~~ Lie by MANAGEMENT, INTERROGATED, ~~SUSPENDED~~ SUSPENDED without PAY AND WAS DENIED ~~on~~ ~~ ~~ UNEMPLOYMENT, AND got his job Back without Back PAY._

8. Name other people who have been treated differently or more favorably under similar circumstances. Please list them and identify their protected class.

   **Name**                                    **Protected Class**

   ~~Keith Rose~~ _SABRINA GORE_               _Color - SEX_

8a. What happened to him or her? _SUSPENDED for ONE day without PAY 3 WEEKS LATER - For The day MANAGEMENT SENT her home, And STILL has her job, AFTER A BLATENT Display of ARTicle 42._

9. Where the organization gave a reason for any action taken against you, can you name any employee who did the same thing or something worse who was not treated the same as you?

   Name _SABRINA GORE_    Protected Class _Color - SEX_

   Job/Dept. _MACHINE LINE OPERATOR_

General Intake Questionnaire                    -3-

9a.   What happened to him/her? _WORK STOPPAGE AND SLOW DOWN, WAS SENT HOME BY MANAGEMENT, TOLD SUPERVISOR TO GO FUCK HIMSELF AND STILL HAS HER JOB, EVEN AFTER MULTIPLE INCIDENCES, DAYS OFF AND WRITTEN WARNINGS._

Have you sought assistance in this matter from any Government agency, union, attorney, or any other source?

   _X_ Yes    ___ No

   _LRB - UNION_                               _7-23-04_
   (Name of source of assistance)                (Date)

RESULT, IF ANY _UNKNOWN_

Have you filed an EEOC Charge in the past? _X_ No ___ Yes (If answer is yes, complete below)

_____  _____  _____
Approximate Date Filed   Organization Charged   EEOC Charge No.(if known)

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information and belief.

[RECEIVED EEOC PITTSBURGH PA AREA OFFICE AUG -3 AM 8:44]

You must sign and date below:

SIGNATURE _[signature]_                        DATE _7-28-04_

CONTINUATION   PAGE

For use if additional pages are needed to answer any question(s). Indicate the question number that is being answered before each response below.

7A. He was denied back pay for interfering with an investigation pertaining to me, because he did not lie, as he was told to by management.

Retaliation - I am being treated differently because Dave Shingledecker (supervisor) and Ross Russo (supervisor) do not like me and told Kevin Rouse to tell Michael Pinson HR manager that "I am no good" - "Fuck Goodwin, he's an asshole" - "I am a trouble maker" and say he told you, "Fuck the company", "Tell them anything Rouse they want to hear".

When Kevin Rouse was called in to Michael Pinson's office Michael Pinson lied and said "I" "Greg Goodwin" spilled the beans on him "Rouse" - to get him to lie.

I was never asked about Kevin Rouse in my meeting - there was nothing to tell.

When Kevin Rouse went in to his meeting he told the truth and was suspended without pay.

I have never recieved written warnings or incidences against me. I do have other information of another employee having his/her job threatened if he/she did not lie. He/she did not lie and he/she still has his/her job. "Color" He wishes to remain nameless.

FORM NLRB-501 (11-88)

FORM EXEMPT UNDER 44 U.S.C. 3512

**UNITED STATES OF AMERICA**
**NATIONAL LABOR RELATIONS BOARD**
**CHARGE AGAINST EMPLOYER**

DO NOT WRITE IN THIS SPACE

| Case | Date Filed |
|---|---|
| 6-CA-34231 | 7-30-04 |

**INSTRUCTIONS**
File an original and 4 copies of this charge with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | b. Number of workers employed |
|---|---|
| Accuride Erie L.P. | Approximately 160 |

| c. Address (street, city, state, ZIP code) | d. Employer Representative | e. Telephone No. |
|---|---|---|
| 1015 East 12th Street, Suite 200 Erie, Pennsylvania | Mike Pinson, Human Resources Manager | 814-480-6400 |

| f. Type of Establishment (factory, mine, wholesaler, etc.) | g. Identify principal product or service |
|---|---|
| Factory | Manufacture of Heavy-Duty Semi Wheels |

h. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections) ____(3)____ of the National Labor Relations Act, and these unfair labor practices are unfair practices affecting commerce within the meaning of the Act.

2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

On or about ~~June~~ July G.G. 11, 2004, the above-named employer, by its officers, agents and representatives indefinitely suspended the employment of Gregory Goodwin and others, because of their membership in and activities on behalf of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW), Local 1186, AFL-CIO, a labor organization, because they engaged in concerted activities with other employees of said employer for the purpose of collective bargaining and other mutual aid and protection and in order to discourage membership in said labor organization. At all times since said date, and for the aforesaid reasons, the said employer has refused, and does now refuse to employ the above-named employees.

**EXHIBIT 9**

By the above and other acts, the above-named employer has interfered with, restrained, and coerced employees in the exercise of the rights guaranteed in Section 7 of the Act.

3. Full name of party filing charge (if labor organization, give full name, including local name and number)
Gregory Goodwin

| 4a. Address (street and number, city, state and ZIP code) | 4b. Telephone No. |
|---|---|
| 790 Moorhead Ville Road, Northeast, Pennsylvania 16428 | 814-899-8163 |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (to be filled in when charge is filed by a labor organization)

### 6. DECLARATION
I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

✓ By: _Gregory Goodwin_ (Signature of representative or person making charge)    An Individual (Title if any)

790 Moorhead Ville Road, Northeast, Pennsylvania 16428 (Address)    814-899-8163 (Telephone No.)    ✓ 7-27-04 (Date)

WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)

**ACCURIDE**
ERIE L.P.

July 23, 2004

**HAND DELIVERED**

Mr. Greg Goodwin
790 Moorhead Ville Road
North East, Pennsylvania 16428

EXHIBIT
18

Re:   Notice of Termination

Dear Mr. Goodwin:

The purpose of this letter is to inform you that your employment at the Erie Plant is terminated effective immediately.

You were suspended pending an investigation into your conduct effective July 11, 2004. As we informed you, we received information that you engaged in conduct that violates Article 42 of the Agreement between Accuride Erie and UAW Local 1186. In addition, we received information that you engaged in conduct that violates Rule 11 of the Erie Plant Rules of Conduct. Article 42 of the Agreement provides, in pertinent part, that "the Union will not authorize or knowingly permit employees to cause or take part in any strikes, work stoppages, slowdowns, or interruptions or cessations of work" and that "any employees" who violate the Article "are subject to discipline and discharge." Rule 11 prohibits, in pertinent part, "any attempt to interrupt production or any aspect of the operations."

On July 20, we met with you and your Union representative and provided you an opportunity to provide any information you considered relevant to the investigation. Thereafter, we carefully reviewed and considered all of the information gathered during the investigation, including the information you provided on July 20. On July 21, we informed you of the preliminary determination to terminate your employment. On July 22, we held a hearing pursuant to Article 7 of the Agreement to review the facts concerning your case with you and your Union representative. The Company made its final determination following the hearing.

Our investigation determined that there was a slowdown in the Erie Plant that included activities such as efforts by employees to fail to work to the best of their ability; to delay startups; to slow down robot speeds; and to stop or limit production equipment from operating. Our investigation indicated that you participated in the slowdown by, among other conduct, repeatedly telling other employees to "fuck the Company"; delaying startups; slowing down robot speeds; and slowing production by distracting workers. Your conduct violated Article 42 of the Agreement and Rule 11 of the Rules of Conduct.

The Company will not tolerate slowdown activities, including efforts to interrupt the Erie Plant's operations. Therefore, your employment is terminated.

Please contact me to make arrangements to remove your belongings, if any, from the Erie Plant, and to return to me all Company property in your possession.

Very truly yours,

Michael A. Pinson
Human Resources Manager

cc:    Mr. Greg Goodwin, c/o Mr. Fred Petrusch (via hand delivery)